## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DENNIS KESTER, *et al.*,            )
                                    )
            Plaintiffs,             )
v.                                  )            Case No. 17-2222-DDC-KGG
                                    )
SCOTT RIECK, *et al.*,              )
                                    )
            Defendants.             )
_____ )

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION TO CONTINUE PROGRESSION

Now before the Court is Plaintiffs' "Motion to Continue Progression" (Doc. 19), which the Court notes should have been titled as a motion to amend the Scheduling Order.  For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

The present matter was initially filed in Kansas state court in January 2017 and removed by Defendants to federal court on April 18, 2017.  (*See* Doc. 1 and attachments.)  Plaintiff alleges negligence, battery, and violations of due process in regard to injuries he allegedly sustained during a wrestling practice while he was a student with the Pittsburg, Kansas, School District.  (*See generally* Doc. 1-1.)

The Scheduling Order in this case was entered on June 9, 2017, and included a deadline of September 1, 2017, for Plaintiffs to designate retained experts.  (Doc. 14, at 4.)  The parties engaged in mediation of the case on October 13, 2017.  (Doc.

18.)  The parties notified the Court of this mediation on September 13, 2017 (Doc. 18), almost two weeks after the expiration of Plaintiff's deadline to designate retained experts.

Plaintiffs bring the present motion "for an Order Pursuant to Rule 16 continuing the deadlines in the Order Setting Final Schedule for Progression of Case (Doc. 14)."  (Doc. 19, at 1.)  Defense counsel does not object to the motion except as to Plaintiff's deadline to designate retained experts.  (*Id*.)

## DISCUSSION

The deadline sought to be extended expired on September 1, 2017, more than six weeks before the present motion was filed.  Plaintiffs argue they have established "good cause" for the requested extension pursuant to Fed.R.Civ.P. 16. Plaintiff's counsel indicates he had a trial in the middle of August 2017 and subsequently focused on preparing for mediation in this case, which was scheduled for October 13, 2017.  (Doc. 19-2, at 1.)

> Rather than devote time and money to retain experts, I decided that Plaintiffs' interests would be better served to focus on preparing the case for mediation in hopes that we could resolve the matter. As such, we did not retain or disclose a medical expert in this matter which were due by Plaintiffs on September 1, 2017.

(*Id*., at 1-2.)

Defendants oppose Plaintiff's request to extend their deadline to designate

2

retained experts, noting the motion was filed more than 45 days after the expiration of the deadline.  In support of their position, Defendants cite Fed.R.Civ.P. 6(b), which states that time to perform an act may be extended after the expiration of the related deadline where the failure to comply with that deadline was the result of "excusable neglect."  Similarly, under D. Kan. Rule 6.1(a):

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:
>
> (1)    whether there has been prior consultation with other parties and the views of other parties;
>
> (2)    the date when the act was first due;
>
> (3)    if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and
>
> (4)    the cause for the requested extension. Parties must file the motion before the specified time expires. **Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires**.

(Emphasis added.)  Defendant argues that Plaintiffs have failed to establish excusable neglect to extend the deadline at issue.  The Court agrees.

As stated above, Plaintiffs' deadline to disclose retained experts was September 1, 2017.  It is undisputed that Plaintiffs' counsel was engaged in a trial in another case from August 14 to August 23, 2017.  The Court acknowledges that

3

this may have made it difficult for counsel to have focused his attention on the present matter in the time leading up to the expert deadline. This does not, however, provide a reasonable excuse for counsel's failure to, at a minimum, file a motion to extend the expert disclosure deadline at some point between August 24 and September 1, 2017.

Plaintiff's arguments also fail under the "good cause" standard to modify a Scheduling Order cited by them and set by Fed.R.Civ.P. 16. Section (b)(4) of that Rule mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. *Parker v. Central Kansas Medical Center*, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' *In re Daviscourt*, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir.1996)).

*Grieg v. Botros*, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010). It is well-established in this District that motions to modify a scheduling order focus "on the diligence of the party seeking to modify the scheduling order." *Id.* (citing *Leviton Mfg. Co., Inc. v. Nicor, Inc*., 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

4

Delay is to be considered undue, and thus an appropriate basis to deny a proposed amendment, "when the party filing the motion has no adequate explanation for the delay." ***Minter v. Prime Equipment Co***., 451 F.3d 1196, 1206 (10th Cir.2006) (*citing* ***Frank v. U.S. West***, 3 F.3d 1357, 1365–66 (10th Cir.1993); ***Durham v. Xerox Corp***., 18 F.3d 836, 840 (10th Cir.1994) (holding that "unexplained delay alone justifies the district court's discretionary decision"); ***Fed. Ins. Co. v. Gates Learjet Corp***., 823 F.2d 383, 387 (10th Cir.1987) (holding that "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect.  For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").

The Court agrees with Defendant that "Plaintiffs have failed to establish that the expert deadline 'could not have been met with diligence' or that the delay is not 'chargeable' to them."  (Doc. 20, at 5.)  Plaintiffs' only explanation – that they chose to focus on preparing for mediation rather than devote time and money to retain experts – amounts to a tactical decision, not "good cause" or "excusable neglect" to miss the deadline.  The Court notes that Defendants have "agreed to allow plaintiffs to designate the non-retained, treating providers, which allows the case to proceed on the merits as it should."  (*Id*., at 5-6.)

5

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Continue Progression (Doc. 19) is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of November, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

---

[1] Because the filing of the present motion suspended certain unexpired deadlines by agreement, the Court will file an Amended Scheduling Order adjusting the unexpired deadlines.